UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA POLDBERG and <br> TERRY POLDBERG, <br><br> Plaintiffs, <br><br> v. <br><br> 5 STAR FLASH, INC., d/b/a FLASH <br> CAB CO., <br><br> Defendant. | Case No. 11 C 3194 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

On May 13, 2011, Plaintiffs Sandra and Terry Poldberg (collectively, "Plaintiffs") filed a Complaint against 5 Star Flash, Inc., an Illinois corporation doing business as Flash Cab Co. ("Flash Cab"), alleging a violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.* ("ADA") (Count I); violation of 775 ILCS 30/3 (the "White Cane Law") (Count II); negligence (Count III); and *respondeat superior* (Count IV).[1] Before the Court is Flash Cab's Motion to Dismiss Plaintiffs' Complaint.

---

[1] Plaintiffs' Complaint is substantially identical to a complaint brought by Joel and Colleen Jeffries against Flash Cab and 303 Taxi, LLC, in another court in this district. *See Jeffries, et al. v. 5 Star Flash, Inc., et al.*, No. 07 C 3394 (N.D. Ill.) (*Jeffries*) (St. Eve, J.) Defendant's Motion to Dismiss is also substantially identical to the motions to dismiss filed by the defendants in the *Jeffries* action. The court did not issue an opinion on this motion because the defendants later withdrew their motions to dismiss.

## BACKGROUND[2]

On August 21, 2009, Plaintiffs Sandy Poldberg and Terry Poldberg called Flash Cab to be transported from a friend's home in Chicago to their home in Skokie, Illinois. (Compl. ¶ 8.) Both Plaintiffs are blind, and Sandy Poldberg utilizes a seeing-eye dog for aid in mobility and daily activities. (*Id.* ¶ 4-5.)

Plaintiffs' friend called Flash Cab on behalf of the Plaintiffs and requested a cab for two individuals, one with a service animal. (*Id.* ¶ 9.) In response, Flash Cab dispatched cab number 934 at 10:55 p.m., which failed to show up. (*Id.* ¶ 10; Resp. at 2.) Flash Cab then dispatched another taxi, number 527 at 11:30 p.m. (*Id.*) When cab number 527 arrived, the driver refused to unlock his doors and permit the Plaintiffs to enter the cab, stating that his car, a Toyota Prius, did not have room for the Plaintiffs' seeing-eye dog. (Compl. ¶ 11.) Flash Cab's dispatcher proceeded to dispatch a replacement cab (this time, a van) to pick up Plaintiffs at 11:58 p.m.. (*Id.* ¶ 12; Resp. at 2.) Plaintiffs were driven home in the van taxi more than one hour after first contacting Flash Cab. (Compl. ¶ 13.)

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations

---

[2] The following facts are drawn from Plaintiffs' Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). The Court may also consider Plaintiffs' factual allegations asserted in the Response brief. "The facts asserted in the memorandum filed in opposition to the motion to dismiss, but not contained in the complaint, are relevant to the extent that they could be proved consistent with the allegations." *Dausch v. Ryske*, 52 F.3d 1425, 1428 n. 3 (7th Cir. 1994).

omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

Plaintiffs allege that Flash Cab has violated § 12184 of the ADA, which provides that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce.

To establish a violation under the ADA, a plaintiff must demonstrate: "(1) that she is a "qualified individual" with a disability; (2) that the defendants are subject to one of the Acts; and (3) that she was "denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or [was] otherwise discriminated against by defendants, by reason of [her] disabilit[y]." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir. 2004); *see also Torrence v. Advanced Home Care, Inc.*, No. 08 C 2821, 2009 WL 1444448, at *3 (N.D. Ill.

3

May 21, 2009); *Yates v. John Marshall Law School*, No. 08 C 4127, 2008 WL 4358313, at *4 (N.D. Ill. Sept. 22, 2008).

As a preliminary issue, it is not clear that Flash Cab is a "private entity that is primarily engaged in the business of transporting people." Flash Cab argues that it is a taxi affiliation.[3] and its sole business is to provide dispatch services to taxis; it does not own, operate, or control any of the taxicabs involved in Plaintiffs' allegations. (Mot. at 2-3, Reply at 2.) To bolster its argument, Flash Cab relies on the factual allegations in the affidavit of its Vice-President, Eugene Rapoport. (Mot., Ex A at 1.) Although this argument could very well be fatal to Plaintiffs' claim, the Court may not consider Mr. Rapoport's affidavit without converting this Motion to one for summary judgment – which the Court declines to do. *See, e.g., Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002) ("Rule 12(b) requires that if the district court wishes to consider material outside the pleadings in ruling on a motion to dismiss, it must treat the motion as one for summary judgment and provide each party notice and an opportunity to submit affidavits or other additional forms of proof.").

Plaintiffs plead only that the first cab 934 "failed to show up"; there is no allegation that the failure of cab 934 to arrive was in any way caused by reason of Plaintiffs' disabilities. Plaintiffs must allege that they were "discriminated against on the basis of disability." Simply put, the duration from when Plaintiffs first called for cab 934 that failed to arrive and the time of the arrival of cab 527 has no connection to Plaintiffs' disabilities. Plaintiffs waited

---

[3] The City of Chicago Department of Consumer Services defined "Affiliation" as: "An Association of public passenger vehicle license holders organized and incorporated for the purpose of providing its members with a Chicago business address, telephone number registered to the affiliation, color scheme where applicable, a trade name or emblem where applicable, a two-way radio dispatch system." (Mot. at 3.)

approximately 28 minutes for the taxi van to arrive – from 11:30 pm. (or later), when cab 527 refused them service, to 11:58 p.m., when the taxi van was dispatched to pick up the Plaintiffs.[4]

In *Stephens v. Shuttle Associates, L.L.C.*, 547 F. Supp. 2d 269, 277 (S.D.N.Y. 2008), the plaintiff, who uses a power wheelchair, alleged a violation of § 12182 of the ADA based on the following factual allegations:

> On or about April 9, 2006 at approximately 5:00 p.m., Stephens boarded a bus operated by Transit Defendants. Gregory, the bus operator, asked Stephens to power off her wheelchair. Stephens asked Gregory why she had to turn the power off but Gregory did not explain. Instead, Gregory repeated his request that Stephens power off her wheelchair. When Stephens would not comply with Gregory's request, Gregory announced to the other bus passengers that they would have to exit the bus and take the next bus because Stephens would not power off her wheelchair. After approximately forty minutes, a supervisor arrived on the scene and relieved Gregory. The supervisor advised Stephens that she would not have to power off her wheelchair and, after asking Stephens's permission, secured Stephens's wheelchair to the bus. The supervisor then drove the bus directly to Stephens's destination.

*Id.* at 274. In granting the defendant's motion to dismiss, the court held that plaintiff did not adequately plead that she was denied the benefit of service or otherwise discriminated against because of her disability. Specifically, the court held that although plaintiff was delayed for approximately forty minutes, the plaintiff was ultimately transported directly to her destination. *Id.*

Similarly here, Plaintiffs cannot demonstrate that they were discriminated against on the basis of disability or that they were denied the benefit of a service. Rather, they specifically plead that they were transported home in a taxi van dispatched by Flash Cab, albeit not as promptly as they desired.

---

[4] As mentioned above, Plaintiffs plead that Plaintiffs were driven home in the taxi van more than an hour after the first call to Flash Cab. (Compl. ¶ 13.) This cab 934 was dispatched at 10:55 p.m. The cab 527 that allegedly refused to accommodate Plaintiffs was dispatched at 11:30 p.m. Therefore, Plaintiffs' temporal inconvenience caused by the driver of cab 527 was considerably less than an hour.

Although Plaintiffs encountered somewhat of a delay, they were ultimately transported to their destination. Essentially, Plaintiffs' claim they had to wait for a taxicab for no more than half an hour to take them home.[5] The inconvenience of waiting for a taxi does not adequately plead a violation of the ADA. Plaintiffs' Complaints fails plausibly to allege that they are entitled to relief under the ADA, and any amendment to Plaintiffs' Complaint would be futile. Plaintiffs' ADA claim is dismissed with prejudice. *Cf. See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) ("The opportunity to amend a complaint is futile if the complaint as amended would fail to state a claim upon which relief could be granted.").

## CONCLUSION

For the reasons set forth above, Flash Cab's Motion to Dismiss [7, 8] is granted as to Count I with prejudice. As the only count that gives rise to federal jurisdiction has been dismissed, the Court relinquishes jurisdiction over Plaintiffs' state-law claims. *Al's Service Center v. BP Products North America, Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claim."). Therefore, Plaintiffs' Complaint is dismissed for lack of subject-matter jurisdiction; and this case is hereby terminated.

Date: 12-1-11

JOHN W. DARRAH
United States District Court Judge

---

[5] Plaintiffs' Complaint alleges that they were driven home more than one hour after first contacting Flash Cab. Although this is inconsistent when their Complaint is read as a whole, as discussed above, an hour wait for a cab does not improve the validity of Plaintiffs' claims.

6